UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DANIEL JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>GROUNDS (WARDEN),<br><br>    Respondent. | Case No. EDCV 11-01209 MMM (AN)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

**I. Background**

On August 1, 2011, petitioner Daniel Johnson, a state prisoner, filed his pending *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). By his Petition, Johnson seeks federal habeas relief from his current state custody arising from his 1998 state conviction for unlawful driving and/or taking of a vehicle, possession of stolen property, document forgery, and the related prison sentence he sustained in the California Superior Court for Riverside County, case no. RIF80773 ("1998 Conviction"). (Pet. 2; Official records of California courts.[1])

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

However, the Court finds its records[2] establish the Petition must be dismissed because it is an unauthorized successive petition.

Specifically, on June 4, 2003, Petitioner filed his first petition (EDCV 03-00626 LGB (AN)) challenging his custody arising from his 1998 Conviction ("2003 Petition"), raising four grounds for relief. On February 12, 2004, the Court entered its judgment dismissing the 2003 Petition with prejudice because the Court found it was time-barred. (*Id.*, Report and Recommendation (dkt. 11) and Judgment (dkt. 16).) Petitioner's subsequent requests for a Certificate of Appealability with this Court and the United States Court of Appeals for the Ninth Circuit were both denied, respectively. (*Id.*, 04/14/04 Order (LGB)(dkt. 19); 06/21/04 Order, Case No. 04-55714 (9th Cir.)(dkt. 23).)

On February 7, 2007, Petitioner filed his second petition (EDCV 07-00153) MMM (AN) again challenging his custody arising from his 1998 conviction and related sentence ("2007 Petition"). On February 23, 2007, the Court entered its judgment dismissing the 2007 Petition without prejudice as a second and successive petition. (*Id.*, Memorandum and Order (dkt. 6) and Judgment (dkt. 7).)

The pending Petition establishes Petitioner continues to seek federal habeas relief from his current state custody arising from his 1998 Conviction and related sentence. The Petition purports to raise nine claims; three insufficient evidence claims, one prosecutorial misconduct claim, three ineffective assistance of counsel claims, one ineffective assistance of appellate counsel claim, and one ineffective assistance of both trial and appellate counsel claim, but whether old or new claims, Johnson has not demonstrated that he has obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition with this Court for the purpose of raising these nine claims.

///

///

---

[2] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

## II. Discussion

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. *Id.,* § 2244(b)(2).

The Ninth Circuit has held the dismissal of a § 2254 habeas corpus petition as untimely constitutes a disposition on the merits, therefore, a further petition challenging the same conviction constitutes a "second or successive" petition for purposes of § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Based upon *McNabb*, this Court finds Petitioner's pending Petition clearly constitutes a "second or successive" habeas petition relative to his 2003 Petition. The Petition and records of the Ninth Circuit further establish that Johnson has not sought and been granted authorization by the Ninth

1 Circuit to file a successive petition with this Court for the purpose of raising any new
2 federal habeas claims.
3       Therefore, the reference to the Magistrate Judge is vacated and the Petition is
4 dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The clerk is directed
5 to enter the judgment dismissing the Petition. Any and all other pending motions are
6 terminated. IT IS SO ORDERED.

8 Dated: August 31, 2011            _____
                                                              MARGARET M. MORROW
9                                                    UNITED STATES DISTRICT JUDGE

10 Presented by:

12 _____
13     Arthur Nakazato
   United States Magistrate Judge

4